UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER REIMER,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CENTER FOR COUNSELING AND HEALTH RESOURCES; et al.,<br><br>    Defendant. | Case No. C07-1123 MJP<br><br>ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION |

This matter comes before the Court on Defendants' motion to compel arbitration. (Dkt. No. 106.) The Court has determined that it does not need oral argument to assist its decision. After reviewing the motion, Plaintiff's response (Dkt. No. 143), Defendants' reply (Dkt. No. 149), and all papers submitted in support thereof, the Court DENIES the motion for the reasons stated below.

**Background**

In 2005 and 2006 Ms. Reimer sought and received services from The Center for Counseling and Health Resources ("The Center"). The facts surrounding the termination of those services are disputed and form the substance of this action. Before Ms. Reimer received treatment services, she signed a form agreement that Defendants presented to her. (Def. Ex. 1.) The agreement is governed by Washington law and contains an arbitration clause. Defendants now request that the Court refer several of Ms. Reimer's claims to arbitration.

**Analysis**

The arbitration clause contained in the parties' agreement states, "any dispute concerning this agreement may be referred to binding arbitration at the sole option of The Center, Inc.[.]"

ORDER DENYING ARBITRATION — 1

1  (Def. Ex. 1 at 3.)  This clause is unenforceable because it does not meet the requirements of
2  Washington contract law.
3        Under the doctrine of substantive unconscionability, Washington courts deny enforcement
4  of a contract when its terms are "one-sided or overly harsh."  Al-Safin v. Circuit City Stores, Inc.,
5  394 F.3d 1254, 1259 (9th Cir. 2005) (citing Zuver v. Airtouch Communications, 153 Wn.2d 293
6  (Wash. 2004)).  Applying California law, the Ninth Circuit has found arbitration clauses
7  substantively unconscionable when they limit one party's choice of forums for resolving disputes
8  without restricting the other party's right to choose a forum.  See Nagrampa v. MailCoups, Inc.,
9  469 F.3d 1257, 1285 (9th Cir. 2006) (citing Armendariz v. Found. Health Psychcare Servs., 24
10 Cal. 4th 83, 119 (Cal. 2000) ("an agreement requiring arbitration only for the claims of the
11 weaker party but a choice of forums for the claims of the stronger party" is substantively
12 unconscionable)).  The Ninth Circuit has applied this reasoning to clauses governed by
13 Washington contract law on the ground that California "applies virtually the same definition of
14 substantive unconscionability as Washington[.]"  Al-Safin, 394 F.3d at 1260-61.
15       Though a contract need not have identical requirements for both parties, a provision is
16 unconscionable under Washington law when its effect is one-sided and "heavily favors" one party.
17 Zuver, 153 Wn.2d at 317-19 (citing Armendariz, 6 P.3d at 693-94).  The arbitration clause
18 contained in the parties' agreement heavily favors The Center and the agreement provides no
19 business justification for the unilateral provision.  See Armendariz, 6 P.3d at 691 (finding that a
20 party with superior bargaining power may justify extra protection "for which it has a legitimate
21 commercial need without being unconscionable" as long as the business justification is explained
22 in the contract).
23       The clause contained in the parties' agreement effectively imposes the arbitration forum on
24 Ms. Reimer (at the choice of Defendants) without requiring Defendants to pursue their own
25 claims in that forum.  Under the clause, Ms. Reimer is limited to pursuing claims in a judicial
26 forum and Defendants may choose to either defend in that forum or compel arbitration.  The
27

ORDER DENYING ARBITRATION — 2

provision does not restrict Defendants' choice of forum for its own claims.

Enforcement of the clause would allow Defendants to dictate the forum for either party's claims.  If enforced, Ms. Reimer would have a right to bring her claims in court, but Defendants would have the last word in determining which forum it preferred for the resolution of those claims while also retaining the right to determine which forum it preferred for its own claims. Because it divests Ms. Reimer of any control over the forum and instead grants Defendants full control over that decision, the clause is one-sided and overly harsh.

### Conclusion

Defendants' motion to compel arbitration is DENIED because the arbitration provision contained in the parties' agreement is substantively unconscionable and cannot be enforced.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated:  July 15, 2008.

*[signature]*

Marsha J. Pechman

U.S. District Judge

ORDER DENYING ARBITRATION — 3