UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER REIMER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE CENTER FOR COUNSELING AND HEALTH RESOURCES; et al.,<br><br>　　　　　Defendant. | Case No. C07-1123 MJP<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR EXCLUDE |

This matter comes before the Court on Defendants' motion to dismiss and alternative motion to exclude witnesses and evidence not properly disclosed. (Dkt. No. 106.) The Court has determined that it does not need oral argument to assist its decision. After reviewing the motion, Plaintiff's response (Dkt. No. 140), Defendants' reply (Dkt. No. 158), Defendants' supplemental briefs (Dkt. Nos. 125 & 183), Plaintiff's motion to strike (Dkt. No. 192) and reply to that motion (Dkt. No. 201), and all papers submitted in support thereof, the Court DENIES the motion for the reasons stated below.

**Background**

In 2005 and 2006 Ms. Reimer sought and received services from The Center for Counseling and Health Resources ("The Center"). The facts surrounding the termination of those services are disputed and form the substance of this action. Ms. Reimer brought this action on July 18, 2007, and the Court ordered the parties to exchange initial disclosures by September 12, 2007 as required by Fed. R. Civ. P. 26. Defendants now challenge the sufficiency of Plaintiff's disclosures and allege that Plaintiff has failed to comply with Rule 26. Defendants bring this motion

ORDER DENYING DISMISSAL OR EXCLUSION— 1

seeking dismissal of Plaintiff's claims or exclusion of witnesses and evidence.[1]

Defendants offer no controlling authority showing that dismissal would be proper. Under Fed. R. Civ. P. 37(c), a party who fails to comply with the Rule 26 disclosure requirements may be precluded from using any undisclosed evidence at trial or in support of its motions, unless the failure to disclose is harmless. Because Defendants have not shown prejudice, the motion is DENIED.

**Analysis**

In 1993, Rule 26 was amended to require parties to disclose "certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement." Advisory Committee Notes to 1993 Amendments to FRCP 26. The rule contemplates a "pre-discovery exchange of core information" and is not a substitute for the discovery process. Id. Rule 26(a)(1)(A) describes four types of information that the parties are required to disclose

---

[1] The Court is puzzled by the form of Defendants' motion. If Defendants believed Plaintiff was violating disclosure and production requirements, they should have followed the procedure set out in Local Rule 37 and brought a proper discovery motion before the close of discovery.

ORDER DENYING DISMISSAL OR EXCLUSION— 2

initially without waiting for a formal discovery request. Defendants maintain that Plaintiff has failed to comply with subdivisions (i), (ii), and (iii) of this section. Defendants also maintain that Plaintiff has failed to supplement her initial disclosures properly as required by Rule 26(e).

Rule 26(a)(1)(A), in relevant part, requires parties to disclose: (i) the identification of any person likely to have discoverable information and a brief description of that information; (ii) a description (not production) of the "nature and location of potentially relevant documents and records;" and (iii) the party's calculation of damages and production of supporting documents (this only applies to documents reasonably available to the party). Advisory Committee Notes to 1993 Amendments to FRCP 26. As the parties' investigations proceed over the course of litigation, they are required to supplement these initial disclosures under Rule 26(e).

I.  <u>Identification of Witnesses</u>

In her initial disclosures, Plaintiff gave only names and addresses of "potential witnesses" and did not include a brief description of the relevant information each person might have. (Dkt. No. 12.) Defendants have not shown that they were prejudiced by this omission. Instead, the record shows that Defendants already knew the relationship of each of those individual to the disputed events, evidenced by their inclusion of all but one of those individuals in their own Rule 26 initial disclosures. (Dkt. Nos. 12 & 13.) Maleka Kapasi is the only individual listed in Plaintiff's initial disclosures and not in Defendants'. (Dkt. No. 12 at 2.) Plaintiff identified Ms. Kapasi's affiliation with Blue Cross of California in the initial disclosure and thereby gave Defendants notice of Ms. Kapasi's relationship to the disputed events.

Since the September 12, 2007 deadline for initial disclosures, Plaintiff has continued to supplement her disclosures as required by Rule 26(e). On April 18, 2008, five days before Defendants brought this motion, Plaintiff delivered a third supplemental disclosure linking each identified individual with knowledge of particular information related to Plaintiff's claims. (Dkt. No. 105-7 at 3-7.)

Defendants argue that they were prejudiced by Plaintiff's late disclosure of new potential witnesses and documents in her fourth, fifth and sixth supplements (delivered April 22nd, 29th

ORDER DENYING DISMISSAL OR EXCLUSION— 3

and 30th, respectively). (Dkt. No. 105-8 at 4; Dkt. No. 126-2; Dkt. No. 126-2.) All three disclosures were made before the close of discovery. Defendants do not offer compelling evidence that Plaintiff could have made the disclosures earlier and have not shown that they attempted to obtain any evidence related to the new disclosures before the May 19, 2008 discovery cut-off. Neither did Defendants bring a motion requesting leave from the Court to extend discovery for the limited purpose of pursuing the new evidence. Instead, on May 1, 2008, Defendants filed a "Supplemental Brief in Support of Their Motion to Dismiss or Exclude," stating that Plaintiff's most recent "late disclosures" bolstered their allegation that Plaintiff was violating discovery rules and her claims should be dismissed. (Dkt. No. 125.)

Discovery closed on May 19, 2008. On June 20, 2008, Defendants filed a "Second Supplemental Brief in Support of Their Motion to Dismiss or Exclude." (Dkt. No. 183.) Defendants informed the Court that Plaintiff had filed a seventh supplemental disclosure on June 16, 2008 that identified an additional person with knowledge about the claims and additional relevant documents. (Dkt. No. 184-2.) Defendants did not respond when Plaintiff filed a motion to strike that supplemental brief. (Dkt. No. 192.) Plaintiff's motion reveals that information disclosed on June 16, 2008 was only discovered after the Court ordered Defendants to produce documents it had formerly withheld. Defendants' failure to respond to this allegation leaves only the conclusion that the late disclosure was caused by Defendants' non-compliance with Plaintiff's original discovery requests. Defendants cannot make a showing of prejudice on this finding.

II. <u>Description and Location of Potentially Relevant Documents</u>

Plaintiff's initial disclosures comply with the requirements of Rule 26(a)(1)(A)(ii). The rule requires parties to describe and categorize any potentially relevant documents; it does not require production. Advisory Committee Notes to 1993 Amendments to FRCP 26. In her initial disclosures, Plaintiff described four types of potentially relevant documents and indicated where each could be found. The first category related to Ms. Reimer's medical treatment by Defendants, and presumably those documents were already in Defendants' possession. Second, any billing records, correspondence or other documents relating to claims made by Plaintiff or

ORDER DENYING DISMISSAL OR EXCLUSION— 4

1   Defendants to Ms. Reimer's insurance company could be found in the possession of the insurance
2   company.  Third, Plaintiff identifies documents related to The Center's billing practices that are in
3   her possession.  Fourth, Plaintiff's identification of her medical records was sufficient to inform
4   Defendants that they must request signed releases from Ms. Reimer to obtain those documents,
5   just as the record shows was later done.

6   III.    Computation of Damages

7       Plaintiff's initial disclosures did not include a production of the documents relied on for
8   her damages computation as required by Rule 26(a)(1)(A)(iii).  Under the Rule, Plaintiff is
9   required to produce any non-privileged documents that are reasonably available.  Advisory
10  Committee Notes to 1993 Amendments to FRCP 26.

11      Defendants have not shown prejudice resulting from Plaintiff's noncompliance.  The
12  record shows that Defendants requested and received information and documents on Plaintiff's
13  damages claims in response to their interrogatories on March 20, 2008 (Dkt. No. 105-5 at 30-32,
14  36) - the same day Plaintiff delivered her second Rule 26(a) supplement with additional
15  production of documents (Dkt. No. 105-3).  The record shows that Plaintiff explicitly agreed to
16  provide Defendants with medical records related to Ms. Reimer's requested relief.  ( Dkt. No.
17  105-5 at 31.)  In those responses, Ms. Reimer also detailed her computation of damages and
18  agreed to produce any non-privileged supporting documents.  (Dkt. No. 105-5 at 32.)  If those
19  documents were not properly produced, Defendants should have brought a proper discovery
20  motion asking the Court to compel production.  See  Westar Air Cargo of Tex., Inc. v. Weststar
21  Express Air Cargo, Inc., 2007 U.S. Dist. LEXIS 34492 (D. Ariz. May 9, 2007) (though
22  defendants made no initial disclosure on the computation of damages, the court did not preclude
23  them from seeking damages because it found plaintiff partially responsible for the nondiscovery
24  when plaintiff failed to bring a timely motion to compel and instead simply asked the court to
25  exclude the evidence).

26  **Conclusion**

27      Defendants' motion to dismiss or exclude evidence is DENIED because they have failed to

ORDER DENYING DISMISSAL OR EXCLUSION— 5

show that Plaintiff violated Rule 26 in a way that resulted in prejudice to Defendants.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: July 17, 2008

*/s/ Marsha J. Pechman*

Marsha J. Pechman

U.S. District Judge

ORDER DENYING DISMISSAL OR EXCLUSION— 6