UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER REIMER,

                Plaintiff,

v.

THE CENTER FOR COUNSELING AND
HEALTH RESOURCES, et al.,

                Defendants.

NO. C07-1123MJP

ORDER DENYING DEFENDANTS'
MOTION TO COMPEL THE
DEPOSITION OF PLAINTIFF

This matter comes before the Court on Defendants' motion to compel the deposition of Plaintiff. (Dkt. No. 199.) After reviewing the motion, Plaintiff's response (Dkt. No. 205), Defendants' reply (Dkt. No. 246), and all papers submitted in support thereof, the Court DENIES the motion for the reasons set forth below.

**Background**

On March 31, 2008, the Court held a telephonic hearing with both parties on Plaintiff's motion for a protective order regarding Ms. Reimer's deposition. (See Dkt. No. 61.) Plaintiff had a pending motion for summary judgment before the Court (Dkt. No. 47) and Defendants wished to depose Ms. Reimer before filing their response. At the time, Ms. Reimer was undergoing intensive treatment at a facility in St. Louis, Missouri. (Dkt. No. 57.) In light of this treatment and Ms. Reimer's condition, Plaintiff moved to restrict the number of hours Ms. Reimer could be deposed in a given day. (Dkt. No. 55.) In support, Plaintiff attached the declaration of Amy Kayda, Ms. Reimer's primary therapist,

ORDER ON MOTION TO COMPEL - 1

recommending that Ms. Reimer "participate in a deposition for no more than 2 hours per day." (Dkt. No. 58.) After reading the motion and responses and after having heard the parties' arguments telephonically, the Court ruled as follows:

> The Court directed Plaintiff to be available on March 31, 2008 from 3:00 to 5:00 pm for deposition and on April 1, 2008 for an additional two hours of deposition. If Defendants require additional deposition testimony from Ms. Reimer, they may take the deposition telephonically or make other arrangements for live testimony.

(Dkt. No. 61.) The Court understands that Defendants were able to depose Ms. Reimer in four different sessions of live and telephonic testimony for a total of eight hours.

Defendants now bring this motion to compel Plaintiff to submit to a full day of deposition for an additional seven hours on the ground that Plaintiff's motion for protective order was filed "under false pretenses[.]" (Dkt. No. 199 at 2.)

**Analysis**

Defendants deposed Ms. Kayda on June 16, 2008 and inquired about her previous recommendation to limit Ms. Reimer's deposition to two hours per day. (Dkt. No. 200-2 at 31.) Ms. Kayda admitted that the two hour limit was a "legal determination not a determination by her treatment team" and stated that she was primarily concerned that Ms. Reimer would need to leave treatment to participate. (Dkt. No. 200-2 at 36.) Defendants suggest that this testimony "revealed that it was Plaintiff's attorney who had imposed this two hour limitation upon Ms. Kayda, and Ms. Kayda simply followed the recommendation of Plaintiff's lawyers." (Dkt. No. 246 at 3.) The Court does not agree. Ms. Kayda's testimony relays her concern over Ms. Reimer participating in the deposition at all and does not contradict the declaration she submitted with Plaintiff's original motion for protective order.

Defendants have already spent significant time deposing Ms. Reimer. Any fault for Defendants' inability to organize their questioning or "progress through the deposition in a logical fashion" lies squarely with Defendants. (Dkt. No. 199 at 6.) Before granting the protective order, the

ORDER ON MOTION TO COMPEL - 2

Court heard arguments from both parties and determined that the two-hour restriction was substantially justified. The Court finds nothing in Defendants' motion that alters that conclusion.

## Conclusion

Because Plaintiff was substantially justified in requesting a protective order restricting her deposition, Defendants' motion to compel the deposition of Ms. Reimer is DENIED.

The Clerk is directed to send a copy of this order to all counsel of record.

Date: July 30, 2008

_/s/ Marsha J. Pechman_

Marsha J. Pechman

U.S. District Judge

ORDER ON MOTION TO COMPEL - 3